# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

AUGUSTO SANTILLAN,

               Plaintiff,

v.

SNAP-ON INCORPORATED, a foreign
Corporation, INGERSOLL-RAND
COMPANY, a foreign Corporation,

               Defendants.

Case No.: _____

**Notice of Removal**

## NOTICE OF REMOVAL

TO:    Clerk of the United States District Court for the Northern District of Illinois

        Stephan D. Blandin
        Michael E. Holden
        ROMANUCCI & BLANDIN
        33 North LaSalle Street
        Suite 2000
        Chicago, Illinois 60602

        Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant INGERSOLL-RAND COMPANY

("IR") hereby removes this action, with reservation of all defenses, from the Circuit Court of

Cook County, Illinois to the United States District Court for the Northern District of Illinois.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  As grounds for this

removal, IR shows the Court as follows:

## BACKGROUND

        1.    Plaintiff Augusto Santillan filed this lawsuit on March 18, 2010, in the Circuit

Court of Cook County, Illinois, County Department, Law Division, said action being designated

No. 2010-L-003431 (the "State Court Action").  A copy of the Complaint is attached hereto as Exhibit A.

2.      Plaintiff Augusto Santillan alleges that on or about March 21, 2008, he was "seriously and permanently injured" when an adapter socket in an air wrench he was using failed.  He alleges that defendant Snap-On Incorporated ("Snap-On") designed and manufactured the adapter, and that defendant IR designed and manufactured the air wrench. *See* Compl., Count I, ¶¶ 4, 14, 15; Count IV,  ¶¶ 4, 14, 15.

3.      Plaintiff alleges that IR and Snap-On are liable for his damages for improperly and defectively designing and manufacturing the products he was using when he was injured.

4.      This Court has subject matter jurisdiction over this action and all claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

5.      Because this Court has subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1) and 1441(a), because the United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois, where the State Court Action was originally filed.

7.      This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b), because it is filed within thirty days after April 5, 2010, the date upon which both IR and Snap-On were served with process.

8.      Defendant Snap-On consents to this removal.  Therefore, all properly joined defendants have consented to this Notice of Removal.

- 2 -

9.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon IR in the State Court Action are attached to this Notice as Exhibit A.

10.     Pursuant to 28 U.S.C. § 1446(d), IR is filing this Notice with this Court, serving a copy of this Notice upon Plaintiff's counsel and filing a copy in the Circuit Court of Cook County, Illinois.

## BASIS FOR DIVERSITY JURISDICTION

11.     This Court has subject matter jurisdiction over this action and all claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

12.     Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

13.     This action satisfies all requirements for federal jurisdiction under 28 U.S.C. § 1332(a).

14.     This action is between citizens of different States because the Defendants and Plaintiff are citizens of different states.  Plaintiff is a citizen and resident of the state of Illinois. *See* Compl., Count I, ¶ 1.  Defendant Snap-On is a corporation organized under the laws of Wisconsin, with its principal place of business in Wisconsin.  *See* Compl., Count I, ¶ 2. Defendant IR is a corporation organized under the laws of New Jersey, with its principal place of business in New Jersey.  *See* Compl., Count IV,  ¶ 2.  Accordingly, the requirement of complete diversity is satisfied, inasmuch as Plaintiff is a citizen of Illinois, and defendants are citizens of Wisconsin and New Jersey.  *See* 28 U.S.C. § 1332(a).

15.     Plaintiff specifically alleges that his money damages exceed $50,000.  *See* Affidavit of Michael Holden, last page of Complaint.  More specifically, Plaintiff demands

damages for his alleged "serious and permanent" injury, which includes "past and future pain and suffering, disfigurement, disability, sustained lost earnings and earning capacity, incurred legal responsibility for past medical bills and  . . . for future medical bills and other damages,  all of which injuries and conditions are permanent in nature." *See* Compl., Counts I and IV,  ¶¶ 15, 16; Count II and V, ¶¶ 14, 15; Count III and VI,  ¶¶ 17, 18.  On these facts, IR reasonably believes and therefore avers that the amount in controversy exceeds $75,000 exclusive of interests and costs.  Accordingly, the amount in controversy requirement is satisfied.  *See* 28 U.S.C. § 1332(a).

16.    Because 28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

WHEREFORE,  for  the  reasons  set  forth  above,  Defendant  INGERSOLL-RAND COMPANY requests that this Court assume full jurisdiction over this action as provided by law.


**INGERSOLL-RAND COMPANY DEMANDS TRIAL BY JURY**


Dated:  May 3, 2010                          Respectfully submitted,



                                             */s/ Christine E. Skoczylas*
                                             Mark P. Miller (#6191128)
                                             Christine L. Skoczylas (# 6293811)
                                             WILDMAN, HARROLD, ALLEN & DIXON LLP
                                             225 West Wacker Drive, Suite 2800
                                             Chicago, IL  60606-1229
                                             Telephone: (312) 201-2000

                                             *Attorneys for Defendant Ingersoll-Rand Company*

Snap-On Incorporated hereby consents to, and joins in, removal of this matter.

*/s/ Anthony P. Steinike*
Charles E. Harper (#6269908)
Anthony P. Steinike  (#6279857)
QUARLES AND BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL  60654
Telephone: (312) 715-5000

*Attorneys for Defendant Snap-On Incorporated*

## CERTIFICATE OF SERVICE

I, Christine E. Skoczylas, an attorney, state that I have served a copy of the foregoing

Notice of Removal to all counsel of record by depositing a copy of same in the United States

Mail at 225 West Wacker Drive, Chicago, Illinois, 60606, properly addressed with the proper

prepaid postage affixed thereto this 3rd day of May, 2010:


Stephan D. Blandin                      Charles E. Harper
Michael E. Holden                       Anthony P. Steinike
ROMANUCCI & BLANDIN                     QUARLES AND BRADY LLP
33 North LaSalle Street                 300 North LaSalle Street
Suite 2000                              Suite 4000
Chicago, Illinois 60602                 Chicago, IL  60654
*Attorneys for Plaintiff*               *Attorneys for Defendant Snap-On*
                                        *Incorporated*


                                        */s/ Christine E. Skoczylas*